PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL MOORE, | ) | |
| | ) | CASE NO.  1:21-CV-1450 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN DOUGLAS A. FENDER, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |

Before the Court is Petitioner Daniel Moore's Objection to the Magistrate Judge's Report and Recommendation.  ECF No. 10.  Respondent filed a Response in Opposition.  ECF No. 11. Petitioner replied.  ECF No. 12.  For the following reasons, Petitioner's objection is overruled, the Report and Recommendation is adopted, and the habeas petition (ECF No. 1) is denied.

### I.       Background

In July 2019, a Richland County Court of Common Pleas Grand Jury indicted Petitioner on four counts: (1) rape in violation of ORC 2907.02(A)(1)(c); (2) rape in violation of ORC 2907.02(A)(2); (3) rape in violation of ORC 2907.02(A)(1)(c); and (4) rape in violation of ORC 2907.02(A)(2).  ECF No. 5-1 at PageID #: 50.  In March 2020, Petitioner was found guilty of all four counts of rape by a jury.  ECF No. 5-1 at PageID #: 52.  During sentencing Counts Two and Four merged into Counts One and Three.  ECF No. 5-1 at PageID #: 53.  Petitioner was sentenced to a minimum term of twenty-two years and a maximum term of twenty-seven and a half years.  ECF No 5-1 at PageID #: 53.

(1:21-CV-1450)

In April 2020, Petitioner appealed his conviction to the Ohio Court of Appeals, setting forth two assignments of error.  *See*  ECF No. 5-1 at PageID #: 57.  Petitioner claimed:

I.  The trial court erred by providing the jury with a jury instruction about authority figures applying psychological force for purposes of rape pursuant to *State v. Eskridge*.

II.  Appellant's rape convictions are not supported by the weight of the evidence.

ECF No. 5-1 at PageID #: 58.  The State opposed Petitioner's claims.  *See* ECF No. 5-1 at PageID #: 83.

In January 2021, the Ohio Court of Appeals, Fifth Appellate District, overruled the assignments of error.  ECF No. 5-1 at PageID #: 102.  In May 2021, the Ohio Supreme Court declined to exercise jurisdiction.  ECF No. 5-1 at PageID #: 147.

In July 2021, Petitioner Daniel Moore filed the instant habeas petition (ECF No. 1) in which he raises two grounds:

**Ground One:** The trial court erred by providing the jury with a jury instruction about authority figures applying psychological force for purposes of rape pursuant to State v. Eskridge.

Due process of law and its equal protections under the Fourteenth Amendment to the United States Constitution prohibits a trial court from abusing its discretion by providing a jury with instruction regarding the authority figures applying psychological force for purposes of rape.

**Ground Two:** Appellant's rape convictions are not supported by the weight of the evidence.

Due process of law and its equal protections under the Fourteenth Amendment to the United States Constitution prohibits a trial court form convictions of rape that are not supported by the weight of the evidence.

ECF No. 1 at PageID #: 16-17.  The habeas petition was referred to a magistrate judge for preparation of a report and recommendation, pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  On May 5, 2023, the magistrate judge issued a Report and Recommendation.  ECF

(1:21-CV-1450)

No. 7.  The magistrate judge recommends that the Court deny the habeas petition.  Specifically,

the magistrate judge recommends denial of Ground One because to the extent Petitioner argues

the trial court violated state law when it used jury instructions from *Eskridge*, that claim alleges a

state law violation that is not cognizable, and to the extent Petitioner alleges a federal

constitutional claim, Petitioner does not "come close to persuading the Court that it 'should

harbor grave doubt' that the trial court's alleged improper jury instruction on Counts Two and

Four affected the verdict's outcome."  ECF No. 7 at PageID 997-999.  Denial of Ground Two is

recommended because the Ohio Court of Appeals found Petitioner's conviction was supported

by sufficient evidence, and Petitioner failed to explain how that court's decision was

unreasonable.  ECF No. 7 at PageID #: 992.

Petitioner filed Objections to the Report and Recommendation on June 22, 2023.[1]  *See*

ECF No. 10.  First, Petitioner's objects "to [the] magistrate judge's erroneous factual or legal

findings regarding petitioner's claim that the state court's 'authority-figure' jury instruction was

harmless beyond a reasonable doubt under ground for relief one."  ECF No. 10 at PageID #:

1009.  Second, Petitioner's objects "to the factual or legal error in the magistrate judge's analysis

involving petitioner's argument that his conviction for rape is not supported by sufficient

evidence."  ECF No. 10 at PageID #: 1013.  Petitioner breaks this second objection into two parts

arguing first that the victim was not "substantially impaired because of a mental or physical

conviction" to support a conviction under ORC § 2907.02(A)(1)(c).  ECF No. 10 at PageID #:

1015.  Petitioner then contends that "where the decision of the State court of appeals

unreasonably applies clearly established federal law, as it did in this case, and where the

---

[1] Petitioner's objection is timely because the Court granted his motion for an extension of time to filed objections.

3

(1:21-CV-1450)

Magistrate Judge relies solely on the State court's findings to support his recommendation, the Magistrate Judge's analysis of the State court findings constitutes a factual or legal error and must, therefore, be rejected by the Court."  ECF No. 10 at PageID #: 1017.  Respondent filed a response to the objections, arguing Petitioner did not show the magistrate judge's decision was clearly erroneous or contrary to law and the Court lacks jurisdiction to consider two of Petitioner's claims.  *See* ECF No. 11.  Petitioner replied, asking the Court to liberally construe his arguments and make a *de novo* review of his objections.  ECF No. 12 at PageID #: 1037.

## II.     Standard of Review

When a petitioner makes an objection to a magistrate judge's Report and Recommendation, the district court's standard of review is *de novo*.  Fed. R. Civ. P. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*Id.*  Importantly, objections "must be specific in order to trigger the de novo review."  *Bulls v. Potter*, No. 5:16-CV-02095, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (citing Fed. R. Civ. P. 72(b)(2)).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."  *Spring v. Harris*, No. 4:18-CV-2920, 2022 WL 854795, at *4 (N.D. Ohio Mar. 23, 2022) (quoting *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (N.D. Ohio 2022)).  "A party disappointed with the magistrate judge's recommendation has a 'duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'"  *Id.* (quoting *Enyart v. Coleman*, 29 F. Supp. 3d 1059, 1068 (N.D. Ohio 2014)).  "A

(1:21-CV-1450)

general objection to the entirety of [a Report and Recommendation]" or "an exact recitation of arguments previously raised" will fail to "meet the specificity requirement for objections." *Potter*, 2020 WL at *1.

Pursuant to 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus may not be granted unless the state court proceedings: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  28 U.S.C. § 2254(d)(1) – (2); *see also Wilson v. Sheldon*, 874 F.3d 470, 474 – 475 (6th Cir. 2017).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a).  "A federal court may not issue the writ on the basis of a perceived error of state law." *Nguyen v. Warden, N. Cent. Corr. Inst.*, No. 19-3308, 2019 WL 4944632, at *4 (6th Cir. July 24, 2019) (quoting *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).  Because state courts are the final authority on state-law issues, the federal habeas court must defer to and is bound by the state court's rulings on such matters.  *See Mason v. Nagy*, No. 21-1040, 2021 WL 6502177, at *3 (6th Cir. July 27, 2021) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)) (stating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *see also Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) (stating that "[a] violation of state law is not cognizable in federal habeas corpus unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution").

(1:21-CV-1450)

### III.    Discussion

**A. Petitioner's First Objection: Jury Instruction**

Petitioner objects to the magistrate judge's finding that the state court's "authority figure" jury instruction was harmless beyond a reasonable doubt.  ECF No. 10 at PageID #: 1009. Respondent contends that Petitioner has not shown how the magistrate judge's decision was clearly erroneous or contrary to law and that the Court lacks jurisdiction to consider Petitioner's claim.  ECF No. 11 at PageID #: 1025-26.

The Court first considers the jurisdictional claim.  The Court acknowledges that "a defendant may seek reversal of only the count on which he was sentenced because he technically does not have a conviction on the merged counts."  *Smith v. Coleman*, 521 F. App'x 444, 449 (6th Cir. 2013) (citing *State v. Williams*, 197 Ohio App.3d 505, 531 (2011)).  Because the magistrate judge addressed Petitioner's petition regarding all four counts, the Court considers Defendant's objection, which rehash Petitioner's Due Process and Equal Protection claim.  *See* ECF No. 1 at PageID #: 18-19.  ("the trial Court abused its discretion when instructing the jury that evidence of physical restraint is not required when the victim is a minor of sixteen-years old, and the Defendant being the victim's alleged uncle, but they were not particularly close.").  The magistrate judge addressed this contention

> And Moore's assertion, that while Moore is E.M.'s uncle, "they were not particularly close," Doc. 1, at 18-19, is a non-starter. *See e.g.*, *State v. Frazier*, No. 107680, 2019 WL 2880396, at *3 (Ohio Ct. App. July 3, 109) (finding that, as to a conviction under Ohio Revised Code 2907.02(A)(2), "although A.F. did not have a close relationship with her uncle, he was still an adult relative who was 36 years old at the time of the assault," and therefore, "held a position of authority over A.F."). Moore does not come close to persuading the Court that is "should harbor 'grave doubt' that the trial court's alleged improper jury instruction on counts two and four affected the verdict's outcome. *Brown*, 142 S. Ct. at 1525.

ECF No. 7 at PageID #: 998-999.

(1:21-CV-1450)

"It is well settled in the Sixth Circuit that 'merely express[ing] a general disagreement with the magistrate judge's legal analysis' is not sufficient to preserve objections to a magistrate judge's recommendation." *Tawfiq v. Hines*, 2022 WL 17960452 (E.D. Mich. Dec. 27, 2022) (quoting *Brown v. City of Grand Rapids, Michigan*, No. 16-2433, 2017 WL 4712064 (6th Cir. 2017)).  An objection to a Report and Recommendation is "not meant to simply be a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs." *Dundee v. Univ. Hosps. Corp*, 2020 WL 511520, at *1 (N.D. Ohio Jan. 31, 2020)*; see also Roberts v. Warden, Toledo Corr. Inst.*, 2010 WL 2794246, at *7 (S.D. Ohio July 14, 2010) ("The Court is under no obligation to review *de novo* objections that are merely perfunctory or an attempt to have the Court reexamine the same arguments set forth in the original petition."); *Sackall v. Heckler*, 104 F.R.D. 401, 402 (D.R.I. 1984) ("These rules serve a clear and sensible purpose: if the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate [judge.]").

Accordingly, because Petitioner's first objection is a mere recitation of his arguments resolved by the Report and Recommendation, it presents no matters for further review.

## B. Petitioner's Second Objection: Sufficient Evidence

### 1. Counts One and Three

Petitioner objects to the Report and Recommendation, arguing the State failed to prove the "substantially impaired" element of ORC § 2907.02(A)(1)(c).  Respondent argues that Petitioner "did not specifically challenge the state's failure to prove substantial impairment in

7

(1:21-CV-1450)

either his Petition or his Traverse," so this ground for relief was never before the magistrate judge for assessment. ECF No. 11 at PageID #: 1030-1031.

In his Petition and Traverse, Petitioner identifies Counts One and Count Three as brought under ORC § 2907.02(A)(1)(c), when the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age, and the offender knows or has reasonable cause to believe that the other person's ability to resist or consent is substantially impaired because of a mental or physical condition or because of advanced age. ECF No. 1 at PageID #: 19; ECF No. 6 at PageID #: 971. Petitioner, however, fails to present any argument as to Counts One and Three. Petitioner argues as to Counts Two and Four that the element of overt force or a threat of force was not supported by sufficient evidence, but he fails to provide an argument as to Counts One and Three. ECF No. 1 at PageID #: 19; ECF No. 6 at PageID #: 971.

Therefore, the Court finds the argument as to Counts One and Three was not brought before the magistrate judge prior to the issuance of the Report and Recommendation. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). "The Magistrate Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Glenn v. Lamp*, No. 1:19-CV-803, 2021 WL 3287763, at *1 (W.D. Mich. Aug. 2, 2021). Accordingly, the Court overrules Petitioner's objection.

2. Counts Two and Four

8

(1:21-CV-1450)

Petitioner objects to the magistrate judge's finding that the state produced sufficient evidence to prove the element of force under ORC § 2907.02(A)(2). ECF No. 10 at PageID #: 1017. Petitioner additionally argues

> [W]here the decision of the State court of appeals unreasonably applies clearly established federal law, as it did in this case, and where the Magistrate Judge relies solely on the State Court's findings to support his recommendation, the Magistrate Judge's analysis of the State court findings constitutes a factual or legal error and must, therefore, be rejected by the Court.

ECF No. 10 at PageID #: 1017. The Government first argues the Court lacks jurisdiction to hear Petitioner's challenge to Counts Two and Four. ECF No. 11 at PageID #: 1030. The Government then argues even if the Government were to consider Petitioner's objection, Petitioner fails to explain how the magistrate judge's decision was clearly erroneous or contrary to law. ECF No. 11 at PageID #: 1033.

The Court notes, as previously stated, that "a defendant may seek reversal of only the count on which he was sentenced because he technically does not have a conviction on the merged counts." *Smith v. Coleman*, 521 F. App'x 444, 449 (6th Cir. 2013) (citing *State v. Williams*, 197 Ohio App.3d 505, 531 (2011)). The Sixth Circuit, however, has also held that "the general rule [is] that insufficiency claims will be considered if raised." *Id*. at 451. The Court elects to consider Defendant's objection to the magistrate judge's finding that the state produced sufficient evidence to prove the element of force.

The Court first addresses Petitioner's contention that the magistrate judge relies solely on the state court's findings to support his recommendation. As the magistrate judge articulates, "a reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). "Second, even were we to conclude that a rational trier of fact could *not* have found a petitioner

9

(1:21-CV-1450)

guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  Against this backdrop, the magistrate judge does not "rely solely" on the state court's findings; instead, the magistrate judge appropriately applies the correct level of deference to the state court.

Additionally, Petitioner fails to explain how the state appellate court unreasonably applies established federal law.  Accordingly, the Court overrules Petitioner's objection.

### 3.  Conclusion

For the foregoing reasons, the assigned magistrate judge's Report and Recommendation is adopted in its entirety, Petitioner's objection is overruled, and the underlying habeas petition (ECF No. 1) is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


| | |
|---|---|
| May 31, 2024 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |